IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MOHAMAD TLAIB, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHATTEM, INC.,<br><br>Defendant. | Civil Action No.: 1:23-cv-00376<br><br>Hon. Robert W. Gettlemen |

### DEFENDANT CHATTEM, INC.'S MOTION FOR SANCTIONS

Chattem, Inc. ("Chattem"), by and through undersigned counsel, hereby renews its Motion for Sanctions against Plaintiff's counsel Spencer Sheehan pursuant to Federal Rule of Civil Procedure 11. In support of this Motion, Chattem states as follows:

### INTRODUCTION

Mr. Sheehan admits to having filed over 400 deceptive labeling class action lawsuits in the last three years. (*See Guzman v. Walmart, Inc.*, No. 1:22-cv-03465, ECF No. 24.) These lawsuits, by and large, follow a virtually identical pattern of allegations and claims that boil down to false advertising of consumer products. Given their similarity, these lawsuits also follow a largely identical trajectory: they crumble under the scrutiny of Rule 12(b)(6). But Mr. Sheehan is undeterred. He continues to file frivolous suit after frivolous suit that courts, including many in this district, have found legally deficient quite literally dozens of times.

This case is no exception. Despite having every reason to know that Plaintiff's claims against Chattem were frivolous, Mr. Sheehan filed them anyway. As the Hon. Steven C. Seeger recently recognized, Mr. Sheehan "has become a wrecking ball when it comes to imposing

163355633v2

attorneys' fees on other people." *Guzman v. Walmart Inc.*, No. 22-cv-3465, 2023 U.S. Dist. LEXIS 84556, at *9 (N.D. Ill. May 15, 2023). Again, this case is no exception. Mr. Sheehan has forced Chattem to incur tens of thousands of dollars in attorney's fees to file not one, but two motions to dismiss, with no meaningful expense or risk to himself. And Chattem's expenses are but a drop compared to the sea of public resources courts have expended patiently informing Mr. Sheehan time and again that his copy and paste complaints are legally deficient.

Mr. Sheehan's continued insistence on pursuing claims he knows are legally meritless violates Rule 11. The Amended Complaint adds nothing new—no unique facts or novel legal theory—that would justify his utter disregard for the many rulings of this district (and beyond) that have dismissed virtually identical claims with the same legal deficiencies. Put simply, "Mr. Sheehan is aware that he files class action lawsuits primarily pertaining to allegedly false labeling on consumer products … that plainly do not meet the pleading requirements for such claims on their faces." *Brownell v. Starbucks Coffee Co.*, No. 5:22-CV-1199 (FJS/ATB), 2023 U.S. Dist. LEXIS 119431, at *23 (N.D.N.Y. July 12, 2023).

Chattem does not seek sanctions lightly, but Mr. Sheehan's misconduct is egregious, pervasive, and well-documented. The exceptional circumstances of Mr. Sheehan's misconduct necessitate an exceptional remedy. The Court should therefore award sanctions pursuant to Rule 11 by ordering Mr. Sheehan to pay Chattem's attorney's fees incurred in responding to Plaintiff's frivolous Complaint and Amended Complaint and in filing the instant Motion. Such an award is essential to deter Mr. Sheehan from filing frivolous suits in the future.

**BACKGROUND**

Mr. Sheehan filed Plaintiff's original Complaint on January 22, 2023, asserting class-based claims for (1) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act; (2) violations of the consumer fraud statutes of other states; (3) breaches of express and implied warranties and violation of the Magnuson-Moss Warranty Act; (4) negligent misrepresentation; (5) fraud; and (6) unjust enrichment. (ECF No. 1.) These claims were plainly "not warranted by existing law," violating Rule 11.

Accordingly, on May 26, 2023, Chattem filed a motion to dismiss the Complaint. (ECF No. 8.) Chattem also served a draft motion for sanctions upon Mr. Sheehan under Rule 11(c)(2) on May 31, 2023. (A true and correct copy of this letter is filed herewith as **Exhibit A**.) The draft motion for sanctions explained that Mr. Sheehan had filed nearly identical claims in dozens of prior actions and every one of them had been dismissed for the same legal deficiencies. Mr. Sheehan was thus well aware that such claims in the Complaint against Chattem were not warranted by existing law.

In response to Chattem's motion, Plaintiff filed an amended complaint (ECF No. 11) in which he dropped three of his original claims. Mr. Sheehan continued, however, to pursue Plaintiff's remaining claims, including his breach of warranty claims, despite having been warned by numerous courts in no uncertain terms that pre-suit notice is required for breach of warranty claims. (*Id.* ¶¶ 59-82.) So, once again, Plaintiff—or, more accurately, Mr. Sheehan—forced

Chattem to move to dismiss Plaintiff's Amended Complaint (ECF No. 13),[1] which the Court granted with prejudice.[2]

In sum, after nearly nine months of litigation, including two Motions to Dismiss, Mr. Sheehan is free to walk away from this litigation little worse for the wear. On the other hand, Chattem, like the scores of other targets of Mr. Sheehan's frivolous litigation, has incurred significant costs to defend against a suit that never should have been filed.

## ARGUMENT

The Court should sanction Mr. Sheehan pursuant to Rule 11 of the Federal Rules of Civil Procedure. Rule 11(b)(2) requires an attorney to certify that every claim in a pleading is "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." This certification must be made based on the attorney's "knowledge, information, and belief," formed after a reasonable inquiry. Fed. R. Civ. P. 11(b)(2). If the Court finds that Rule 11(b) has been violated, it may award sanctions, including attorneys' fees resulting from the violation. *Id.* at 11(c)(2). The Court has already determined that Plaintiff's complaints were not "warranted by existing law." *See* Order dated Sept. 8, 2023 (ECF No. 18) (granting Chattem's Motion to Dismiss with prejudice). The only question remaining is whether Mr. Sheehan should have "known that his position [was] groundless." *Royce v. Michael R. Needle, P.C.*, 158 F. Supp. 3d 708, 712 (N.D. Ill. 2016).

---

[1] Chattem contemporaneously moved for Rule 11 sanctions (ECF No. 14.) The Court struck the Motion for Sanctions "without prejudice to refiling, if appropriate, after the court has ruled on the motion to dismiss." (ECF No. 15.)

[2] The Court retains jurisdiction to rule on this Motion notwithstanding its dismissal of this case. *See Novoselsky v. Zvunca*, 324 F.R.D. 197, 204 (E.D. Wisc. 2017) (citing *Wojan v. Gen. Motors Corp.*, 851 F.2d 969, 973 (7th Cir. 1988) ("[I]t is well settled in this Circuit that a district court retains jurisdiction to hear a Rule 11 motion even after a case is dismissed.").

The answer is yes. The public record is replete with evidence that Mr. Sheehan should have "known that his position [was] groundless." Accordingly, the Court should exercise its discretion under Rule 11 and order Mr. Sheehan to pay Chattem's fees associated with this litigation.

### A. Mr. Sheehan knew that his position was groundless.

Mr. Sheehan cannot credibly claim that he was unaware of the legal deficiencies in Plaintiff's complaints. Numerous courts—including this one—have explained to Mr. Sheehan that the assertion of breach of warranty claims under Illinois law requires pre-suit notice. *See, e.g.*, *Cristia v. Trader Joe's Co.*, No. 22-cv-1788, 2022 U.S. Dist. LEXIS 222194, at *16-18 (N.D. Ill. Dec. 9, 2022); *Karlinski v. Costco Wholesale Corp.*, 616 F. Supp. 3d 753, 766 (N.D. Ill. 2022); *Jacobs v. Whole Foods Market Grp., Inc.*, 621 F. Supp. 3d 894, 899 (N.D. Ill. 2022); *Chiappetta v. Kellogg Sales Co.*, No. 21-CV-3545, 2022 U.S. Dist. LEXIS 35632, at *14-15 (N.D. Ill. Mar. 1, 2022); *Akers v. Costco Wholesale Corp.*, No. 3:21-CV-01098-NJR, 2022 U.S. Dist. LEXIS 177837, at *17 (S.D. Ill. Sep. 29, 2022); *Wienhoff v. Conagra Brands, Inc.*, No. 21-CV-00501-NJR, 2022 U.S. Dist. LEXIS 162404, at *19 (S.D. Ill. Sep. 8, 2022); *Sneed v. Ferrero U.S.A., Inc.*, No. 22 CV 1183, 2023 U.S. Dist. LEXIS 25601, at *9 (N.D. Ill. Feb. 15, 2023).

In *Cristia*, this very Court dismissed Mr. Sheehan's client's warranty claims, explaining that "Illinois law requires buyers to provide sellers with pre-suit notice of a warranty claim." 2022 U.S. Dist. LEXIS 222194, at *17. This Court further held that filing a complaint is not sufficient to provide this notice. *Id.* Yet, ***just one month after*** that decision was handed down (December 2022), Mr. Sheehan filed the Complaint in this action (January 2023), disregarding this Court's express ruling and attempting, again, to dodge the pre-suit notice requirement by asserting that the complaint, itself, was the notice. He repeats these allegations in his Amended Complaint:

> 70. Plaintiff provided notice to Defendant, its agents, representatives, retailers, and their employees that it breached the Product's warranties **through the filing of the Complaint**.
>
> …
>
> 73. Plaintiff provided notice in accordance with 810 ILCS 5/2-607(3)(a) because within a reasonable time after he discovered the Product was formulated with a pH rendering it unsafe and/or likely to contribute to erosion of tooth dentin, he notified Defendant **through the filing of the Complaint**.

(ECF No. 11, ¶¶ 70, 73.) This is not the only court that has held, in one of Mr. Sheehan's cases, that pre-suit notice cannot be satisfied through filing a complaint. The Hon. Marvin Aspen explained this legal rule in one of Mr. Sheehan's cases just months before this Court issued the *Cristia* decision:

> Chiappetta's claims for breach of express and implied warranties fail for the additional reason that Chiappetta did not meet her pre-suit notice obligation. **Contrary to Chiappetta's contention, she cannot satisfy the pre-suit notice obligation by filing suit**.

*Chiappetta*, 2022 U.S. Dist. LEXIS 35632, at *14-15 (internal citations omitted, emphasis added).

So, too, did the Hon. Charles Ronald Norgle, in another of Mr. Sheehan's cases:

> Plaintiff then alleges that he provided Defendant notice "through this action in July 2021." Accordingly, the earliest Plaintiff provided notice when he commenced this action, which is not pre-suit notice. **Filing a complaint is not sufficient to provide notice of a breach of warranty under Illinois law**.

*Karlinski*, 616 F. Supp. 3d at 766 (docket references omitted, emphasis added). As did the Hon. Sharon Johnson Coleman in a Sheehan-filed case **just ten days before** Mr. Sheehan filed the Complaint here:

> … Plaintiff's argument that she complied with the statutory notice requirement by filing this suit fails. Plaintiff is required to give notice ***pre*-**suit. Because she does not allege that she gave direct pre-suit notice, Plaintiff's breach of warranty claims fail.

*Hamidani v. Bimbo Bakehouse LLC*, No. 22-cv-01026, 2023 U.S. Dist. LEXIS 5848, at *10 (N.D. Ill. Jan. 12, 2023) (internal citation omitted, emphasis in original). Lest there was any doubt, the Hon. Manish S. Shah made the same ruling in another of Mr. Sheehan's cases the very next month:

> [A]s with all of her warranty claims, [Plaintiff] has not alleged that she gave pre-suit notice to Ferrero U.S.A., Inc. that she found the Kinder Joy egg to be in breach of its warranted qualities. ***Sneed argues that the filing of her suit provided notice of breach***, ***but only consumers who have suffered a personal injury can provide notice of breach of warranty by filing a complaint***. Sneed has failed to allege two elements of a breach of an express warranty claim, so the claim is dismissed.

*Sneed*, 2023 U.S. Dist. LEXIS 25601, at *9 (internal citations omitted, emphasis added). On March 22, 2023, the Hon. Steven C. Seeger had occasion to hand down not one, but two decisions in Sheehan-filed cases, each containing the same legal holding about pre-suit notice. There was *Gardner*:

> [T]o bring an express warranty claim under Illinois law, the buyer must give pre-suit notice to the seller. Gardner admits that ***the only notice she gave Ferrara was "by filing this action in March 2022"***." So, she has not met the pre-suit notice requirement.

*Gardner v. Ferrara Candy Co.*, No. 22-cv-1272, 2023 U.S. Dist. LEXIS 48469, at *19 (N.D. Ill. Mar. 22, 2023) (internal citations omitted, emphasis added.) And *Matthews*:

> Matthews admits that the only notice she gave Polar was "by filing this action in February 2022." So, she has not met the pre-suit notice requirement.

*Matthews v. Polar Corp.*, No. 22-cv-649, 2023 U.S. Dist. LEXIS 48467, at *26 (N.D. Ill. Mar. 22, 2023) (internal citation omitted). The Hon. Andrea R. Wood had her say on this issue as well. She handed down an identical ruling just a week later in a case filed by Mr. Sheehan:

> Rudy argues that she satisfied the notice requirement by filing this case, citing a case from Indiana applying Tennessee and Michigan law. ***But in Illinois, a plaintiff "cannot satisfy the pre-suit notice obligation by filing suit."***

6

*Rudy v. D.F. Stauffer Biscuit Co.*, No. 21-cv-03938, 2023 U.S. Dist. LEXIS 54989, at *18 (N.D. Ill. Mar. 30, 2023) (internal citations omitted, emphasis added). In fact, just a few weeks before Plaintiff amended his Complaint in this case, Judge Coleman dismissed yet another warranty claim filed by Mr. Sheehan for lack of pre-suit notice. She explained—again—that filing a complaint is insufficient to provide pre-suit notice:

> Hodorovych does not allege that he provided pre-suit notice to Dollar General. Rather, he purports to provide notice through the filing of his complaint. ***This is inadequate; filing of a complaint is generally not sufficient to provide notice of breach under Illinois law***.

*Hodorovych v. Dollar Gen. Corp.*, No. 22-cv-03415, 2023 U.S. Dist. LEXIS 89750, at *10 (N.D. Ill. May 23, 2023) (internal citations omitted, emphasis added). These are just the Northern District of Illinois cases.

The Honorable David W. Dugan, in the Southern District of Illinois, issued the same ruling in a case filed by Mr. Sheehan:

> Defendant asserts that Elder did not provide pre-suit notice of her breach of warranty claims. ***Elder argues that the filing of this action in June 2021 was notice enough. She is wrong***.

*Elder v. Bimbo Bakeries USA, Inc.*, No. 3:21-cv-637-DWD, 2022 U.S. Dist. LEXIS 47948, at *10 (S.D. Ill. Mar. 17, 2022) (emphasis added). So, too did the Honorable Nancy J. Rosenstengel of the Southern District of Illinois in both *Akers*, 2022 U.S. Dist. LEXIS 177837, at *16-17 and *Wienhoff*, 2022 U.S. Dist. LEXIS 162404, at *19. The list goes on and on. For the last two years, countless federal courts, across multiple jurisdictions, have explained—quite patiently—to Mr. Sheehan that the filing of a complaint does not constitute pre-suit notice for breach of warranty claims. As this litany of cases shows, Mr. Sheehan cannot credibly contend that Plaintiff's breach of warranty claims were "warranted by existing law[.]" *See* Fed. R. Civ. P. 11(b)(2).

7

163355633v2

Notably, Mr. Sheehan did not heed the multiple (near identical) rulings of the above-referenced federal courts. Instead, he upped the ante. Not only did he pursue claims not warranted by existing law against Chattem, but he also attempted to mislead the Court on the applicable law in an effort to obfuscate his wrongdoing. Specifically, Mr. Sheehan argued in his Opposition to Chattem's Motion to Dismiss (ECF No. 16) that filing a complaint was sufficient notice because the notice statute "makes no reference to the filing of any legal action." Pl.'s Opp. to Mot. to Dismiss at 8. But, as Chattem previously pointed out, no less an authority than the Illinois Supreme Court has unequivocally held that filing a complaint does not satisfy the notice requirement except in cases where the plaintiff alleges a personal injury. *See* Def.'s Reply in Supp. of Mot. to Dismiss, ECF No. 17, at 6-7 (citing *Connick v. Suzuki Motor Co., Ltd.*, 174 Ill.2d 482, 495 (1996)). Again, Mr. Sheehan had every reason to know of *Connick* because, barely a month before he filed his opposition, another court in this district explained *Connick*'s holding to him in yet another example of a court dismissing his warranty claims for lack of pre-suit notice. *See Clark v. Blue Diamond Growers*, No. 22-cv-1591, 2023 U.S. Dist. LEXIS 114882 (N.D. Ill. July 5, 2023).

There can be no legitimate debate about whether Mr. Sheehan knew that Plaintiff's breach of warranty claims—and the assertion that pre-suit notice had been provided—were frivolous. A number of courts, including this one, had apprised him of the legal insufficiency of such arguments. Yet he flatly ignored their rulings and filed the First Amended Complaint despite knowing its warranty claims lacked sufficient legal basis. While it takes no time at all to assert a frivolous claim in a complaint, the resulting toll that it takes on defendants and courts is substantial. Chattem has, at the time of filing this motion, spent time and money writing (i) a motion to dismiss the Complaint, (ii) a motion to dismiss the Amended Complaint, (iii) a draft motion for sanctions

notifying Mr. Sheehan of the frivolous claims in the Complaint, and (iv) the instant motion for sanctions describing the frivolous claims in the Amended Complaint. As Judge Seeger observed, "[Mr. Sheehan] is imposing plenty of costs, and someone has to pay them." *Guzman*, 2023 U.S. Dist. LEXIS 84556, at *10. The "wrecking ball" that has been tearing through the Northern District of Illinois for the last three years must be stopped. Mr. Sheehan should be ordered to pay Chattem's attorneys' fees under Rule 11.

      **B.**      **Mr. Sheehan's pattern of egregious conduct justifies an award of attorneys' fees.**

Chattem is keenly aware of the fact that an award of sanctions should be the rare exception, but the circumstances of this case justify such an award. First, Mr. Sheehan's conduct in this case is part of a well-documented and extensive pattern of frivolous litigation. This case is, therefore, a far cry from a simple complaint (or even a few complaints) that failed to survive muster under Rule 12(b)(6).

Moreover, as this Court previously acknowledged, "[t]he main objective of Rule 11 is . . . to deter baseless filings and curb abuses." *Slaughter v. Waubonsee Community College*, No. 94-c-2525, 1995 U.S. Dist. LEXIS 2872, at **7-8 (N.D. Ill. March 9, 1995) (Gettleman, J.). Given the pervasive scope of Mr. Sheehan's misconduct, sanctions in this instance promote the underlying policy objectives of Rule 11. Indeed, in an interview with The New Yorker just weeks ago, Mr. Sheehan was asked "whether judges' warnings would affect his behavior in the future." His reply? **"No! [] Why should it?"** (emphasis added). Clearly, by Mr. Sheehan's own admission, something more than judicial admonishment is needed "to deter [his] baseless filings."

Finally, while "[a] lawyer's reputation for integrity, thoroughness and competence is his or her bread and butter[,]" *id.*, the potential reputational harm to Mr. Sheehan should weigh little, if

9

at all in the Court's analysis. For one thing, other judges in this district have already raised the specter of sanctions in the face of Mr. Sheehan's unrelenting filing of meritless, "cut-and-paste" complaints. In *Guzman v. Walmart Inc.*, the Hon. Steven C. Seeger detailed Mr. Sheehan's prolific filing of complaints alleging fraudulent labeling of consumer products and indicated that Mr. Sheehan may have violated Rule 11. 2023 U.S. Dist. LEXIS 84556, at *8-9. Judge Seeger ultimately directed Mr. Sheehan "to show cause why he should not have to pay the [defendant's] attorney's fees" by filing a spreadsheet that included details of the cases he filed as well as whether they were dismissed under Rule 12(b)(6). *Id.* at *10. A few days after the show-cause order in *Guzman*, another judge in this district "reminded [Mr. Sheehan] of his obligations under Rule 11" and directed him to provide the same spreadsheet that the *Guzman* court requested. *Lesorgen v. Mondelez Glob., LLC*, No. 22-cv-50375, 2023 U.S. Dist. LEXIS 87911, at *11 (May 19, 2023) (Johnston, J.).

On July 12, 2023, the Southern District of New York joined in. It ordered that, "given Mr. Sheehan's history and experience in similar cases, which courts have dismissed for failure to state a claim," Mr. Sheehan must show cause as to why he should not be sanctioned "for continually filing frivolous lawsuits…." *Brownell*, 2023 U.S. Dist. LEXIS 119431, at *23 (noting that the Southern District of New York had recently admonished Mr. Sheehan for filing dozens of similar cases in the past several years throughout the Second Circuit, "with numerous courts dismissing near-identical challenges" and that "courts in the Southern District of New York have also twice threatened Mr. Sheehan with Rule 11 sanctions for filing 'plainly frivolous claims.'").

Mr. Sheehan has failed to respond to the chorus of courts patiently calling on him to change his practices. Instead, he deafened himself to those calls, and responded to Judge Seeger's

10

admonishments by all but daring the court to impose sanctions. Mr. Sheehan has made himself clear: He will not be deterred by a simple admonition from the Court.

## **CONCLUSION**

For the foregoing reasons, Chattem respectfully requests that the Court award it the attorneys' fees it incurred in preparing and filing its motion to dismiss the original Complaint (ECF No. 8), motion to dismiss the Amended Complaint, the draft motion notifying Mr. Sheehan of the frivolous claims in the Complaint, and the instant motion.

Respectfully submitted this 6th day of October 2023.

TROUTMAN PEPPER HAMILTON
SANDERS, LLP

/s/ Molly S. DiRago
Molly S. DiRago (ARDC # 6282757)
Troutman Pepper Hamilton Sanders, LLP
227 W. Monroe Street, Suite 3900
Chicago, IL 60606
(312) 759-1926

*Attorneys for Chattem, Inc.*

163355633v2