# EXHIBIT A

Troutman Pepper Hamilton Sanders LLP
227 W. Monroe Street, Suite 3900
Chicago, IL 60606



troutman.com

**Molly DiRago**
D 312.759.1926
molly.dirago@troutman.com

May 31, 2023

Spencer Sheehan
Sheehan & Associates, P.C.
60 Cuttermill Rd., Ste. 412
Great Neck, NY 11021
spencer@spencersheehan.com

Francis Richard Greene
Greene Consumer Law
1954 1st St., #154
Highland Park, IL 60035
francis@greeneconsumerlaw.com

**Sent via email and U.S. Mail**

Re:     *Tlaib v. Chattem, Inc.*, no. 1:23-cv-376

Dear counsel,

We represent Chattem, Inc. in the above-referenced matter. Pursuant to Federal Rules of Civil Procedure 5 and 11, enclosed is a draft motion for sanctions against Mr. Spencer Sheehan in relation to this matter. If you do not withdraw your complaint within 21 days, we will file the enclosed motion.

Please feel free to contact me to discuss the matter further.

Best regards,

*Molly S. DiRago*

Molly DiRago

Encl: Defendant Chattem, Inc.'s Motion for Sanctions

157912768v1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MOHAMAD TLAIB, individually and on behalf of all others similarly situated, | Civil Action No.: 1:23-cv-00376 |
| Plaintiff, | Hon. Robert W. Gettlemen |
| v. | |
| CHATTEM, INC., | |
| Defendant. | |

## DEFENDANT CHATTEM, INC.'S MOTION FOR SANCTIONS

Chattem, Inc., by and through undersigned counsel, hereby moves for sanctions pursuant to Federal Rule of Civil Procedure 11. In support of this Motion, Chattem states as follows:

## INTRODUCTION

Mr. Sheehan, counsel for Plaintiff, admits to having filed over 400 class action lawsuits in the last three years. (*See Guzman v. Walmart, Inc.*, No. 1:22-cv-03465, ECF No. 24.) These lawsuits, by and large, follow a virtually identical pattern of allegations and claims that boil down to false advertising of consumer products. Given their similarity, these lawsuits also follow a largely identical trajectory: they crumble under the scrutiny of Rule 12(b)(6). But Mr. Sheehan is undeterred. He continues to brazenly file frivolous complaints with the same legal deficiencies that courts, including many in this district, have found legally insufficient quite literally dozens of times. The Complaint against Chattem is one of these complaints. (ECF No. 1.)

Despite knowing that Plaintiff's claims against Chattem were frivolous, Mr. Sheehan filed them anyway, forcing the Court and Chattem to expend valuable time and resources to respond. As the Hon. Steven C. Seeger recently recognized, Mr. Sheehan "has become a wrecking ball

when it comes to imposing attorneys' fees on other people." *Guzman v. Walmart Inc.*, No. 22-cv-3465, 2023 U.S. Dist. LEXIS 84556, at *9 (N.D. Ill. May 15, 2023). The Court should, therefore, award sanctions pursuant to Rule 11 by ordering Mr. Sheehan to pay Chattem's costs and attorney's fees incurred in responding to Plaintiff's frivolous complaint and filing the instant Motion.

## ARGUMENT

Chattem is entitled to an award of sanctions against Mr. Sheehan based on his violation of Federal Rule of Civil Procedure 11(b). Rule 11(b)(2) requires an attorney to certify that every claim in a pleading is "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." This certification must be made based on the attorney's "knowledge, information, and belief," formed after a reasonable inquiry. Fed. R. Civ. P. 11(b)(2). If the Court finds that Rule 11(b) has been violated, it may award sanctions, including attorney's fees resulting from the violation. *Id.* at 11(c)(2).

Mr. Sheehan's repeated filing of frivolous consumer fraud claims that courts in this district (and beyond) have dismissed time and again warrants the imposition of sanctions. Mr. Sheehan "has developed a fair bit of notoriety for filing cases about consumer labeling," but many of these cases "have suffered the judicial equivalent of a crash landing." *Guzman*, 2023 U.S. Dist. LEXIS 84556, at *8. Nevertheless, Mr. Sheehan continues to file virtually identical claims, without regard for the plain legal deficiencies that courts have repeatedly cited as grounds for dismissing his complaints.

Take, for example, Plaintiff's negligent misrepresentation claim. For the reasons set forth in Chattem's Motion to Dismiss (ECF No. _), this claim is barred by the economic loss doctrine. This should come as no surprise to Mr. Sheehan, as numerous Illinois federal courts—including

1

this Court—have dismissed Mr. Sheehan's negligent misrepresentation claims based on the economic loss doctrine. *See, e.g.*, *Cristia v. Trader Joe's Co.*, No. 22-cv-1788, 2022 U.S. Dist. LEXIS 222194, at *18 (N.D. Ill. Dec. 9, 2022); *Karlinski v. Costco Wholesale Corp.*, 616 F. Supp. 3d 753, 766-67 (N.D. Ill. 2022); *Jacobs v. Whole Foods Market Grp., Inc.*, 621 F. Supp. 3d 894, 900 (N.D. Ill. 2022); *Floyd v. Pepperidge Farm*, 581 F. Supp. 3d 1101, 1112 (S.D. Ill. 2022); *Chiappetta v. Kellogg Sales Co.*, No. 21-cv-3545, 2022 WL 602505, at *7 (N.D. Ill. March 1, 2022); *Sneed v. Ferrero U.S.A., Inc.*, No. 22-cv-1183, 2023 WL 2019049, at *5 (N.D. Ill. Feb. 15, 2023); *Akers v. Costco Wholesale Corp.*, No. 21-cv-01098, 2022 WL 4585417, at *6 (S.D. Ill. Sep. 29, 2022); *Wienhoff v. Conagra Brands, Inc.*, No. 21-cv-00501, 2022 WL 4103974, at *8 (S.D. Ill. Sep. 8, 2022); *Hauger v. Dollar General Corp.*, No. 21-cv-01270, 2022 WL 2532487, at *5 (C.D. Ill. July 7, 2022). Of the dozens of Mr. Sheehan's cases reviewed in preparing Chattem's Motion to Dismiss and this Motion, the undersigned is not aware of even one where the negligent misrepresentation claim survived a motion to dismiss.

The same is true of Mr. Sheehan's breach of warranty claims. As in Mr. Sheehan's other cases, the warranty claims asserted against Chattem fail based on the lack of pre-suit notice. The warranty claims were dismissed in each of those case. *See, e.g.*, *Cristia*, 2022 U.S. Dist. LEXIS 222194, at **16-18; *Karlinski*, 616 F. Supp. 3d at 766; *Jacobs*, 621 F. Supp. 3d at 899; *Chiappetta*, 2022 WL 602505, at *6; *Sneed*, 2023 WL 2019049, at *4; *Akers*, 2022 WL 4585417, at *5; *Wienhoff*, 2022 WL 4103974, at *6. Yet, despite such resounding defeat, Mr. Sheehan continues not just to assert the same ***claims***, but to cut and paste the same ***allegations*** that this Court and others have unequivocally held were insufficient.

In *Crsitia*, this Court dismissed Mr. Sheehan's client's warranty claims because Plaintiff had not asserted pre-suit notice. The Court explained that "plaintiff summarily allege[d] that she

'provided or will provide notice' to defendant about its breach of warranty, which [was] not specific enough to meet her pleading burden." 2022 U.S. Dist. LEXIS 222194, at *17. The Court also held that "[c]omplaints by regulators, competitors, and other consumers [were] not enough to suggest actual knowledge, nor [was] the plaintiff's complaint itself sufficient [to provide pre-suit notice]." *Id.* Yet, just **one month after** this decision was handed down (December 2022), Mr. Sheehan filed the instant Complaint (January 2023), with the same allegations about providing pre-suit notice and complaints by third parties that had just been deemed legally insufficient by this Court:

> Plaintiff **provided or provides notice** to Defendant, its agents, representatives, retailers, and their employees that it breached the Product's warranties.

> Defendant received notice and should have been aware of these issues due to **complaints by consumers and third-parties, including regulators and competitors**, to its main offices and through online forums.

(ECF No. 1, ¶¶ 60-61.) Mr. Sheehan was thus well aware that Plaintiff's breach of warranty claims were not "warranted by existing law or by a nonfrivolous argument." *See* Fed. R. Civ. P. 11(b)(2). Yet, like a "wrecking ball," *see Guzman*, 2023 U.S. Dist. LEXIS 84556, at *9, he filed those claims anyway. This violates Rule 11.

Other judges in this district have already raised the specter of sanctions in the face of Mr. Sheehan's unrelenting filing of meritless, cookie-cutter complaints. In *Guzman v. Walmart Inc.*, the Hon. Steven C. Seeger detailed Sheehan's prolific filing of complaints alleging fraudulent labeling of consumer products and indicated that Sheehan may have violated Rule 11. 2023 U.S. Dist. LEXIS 84556, at **8-9. Judge Seeger ultimately directed Sheehan "to show cause why he should not have to pay the [defendant's] attorney's fees" by filing a spreadsheet that included details of the cases he filed as well as whether they were dismissed under Rule 12(b)(6). *Id.* at *10. A few days after the show-cause order in *Guzman*, another judge in this district "reminded [Mr.

3

Sheehan] of his obligations under Rule 11" and directed him to provide the same spreadsheet that the *Guzman* court requested. *Lesorgen v. Mondelez Glob., LLC*, No. 22-cv-50375, 2023 WL 3568686, at *5 (May 19, 2023) (Johnston, J.).

There can be no legitimate debate about whether Mr. Sheehan knew that Plaintiff's claims were frivolous. By the time he filed the instant Complaint, numerous courts had apprised him of the legal insufficiency of near identical allegations. Yet he flagrantly ignored their rulings and continued lodging frivolous complaints that he knew lacked sufficient legal basis. The "wrecking ball" that has been tearing though the Northern District of Illinois for the last three years must be stopped. Mr. Sheehan should be ordered to pay Chattem's costs and attorney's fees under Rule 11.

## CONCLUSION

For the foregoing reasons, Chattem respectfully requests that the Court award it its costs and attorney's fees incurred in moving to dismiss Plaintiff's Complaint.

Respectfully submitted this __ day of May 2023.

> TROUTMAN PEPPER HAMILTON
> SANDERS, LLP
>
> /s/ Molly S. DiRago_____
> Molly S. DiRago (ARDC # 6282757)
> Troutman Pepper Hamilton Sanders, LLP
> 227 W. Monroe Street, Suite 3900
> Chicago, IL 60606
> (312) 759-1926
>
> *Attorneys for Chattem, Inc.*

4