**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

| | |
|---|---|
| Mohamad Tlaib, individually and on behalf of all others similarly situated, | 1:23-cv-00376 |
| Plaintiff, | |
| - against - | Hon. Robert W. Gettleman |
| Chattem, Inc., | |
| Defendant | |

Plaintiff's Memorandum of Law in Opposition to
Defendant's Motion for Sanctions

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................ ii

TABLE OF AUTHORITIES ........................................................................................................ iii

INTRODUCTION ......................................................................................................................... 1

FACTUAL BACKGROUND ........................................................................................................ 2

LEGAL STANDARDS ................................................................................................................. 3

ARGUMENT ................................................................................................................................. 4

I.  "SAFE HARBOR" AMENDMENT REQUIRED POST-MAY 31
    SANCTIONS MOTION ............................................................................................. 4

II.  ABSENCE OF NOTICE AS TO THE PURPORTEDLY SANCTIONABLE
     CONDUCT ................................................................................................................. 7

III.  ALLEGATIONS DO NOT AMOUNT TO SANCTIONABLE CONDUCT ................... 8

     A.  Rule 11 Requires Review of Legal Precedent ......................................... 8

     B.  Pre-Suit Notice Requirement ................................................................... 9

IV.  IMPOSITION OF ATTORNEY'S FEES WOULD BE IMPROPER ............................ 10

CONCLUSION ............................................................................................................................ 12

# TABLE OF AUTHORITIES

## Cases

*Akers v. Costco Wholesale Corp.*,
　631 F. Supp. 3d 625 (S.D. Ill. Sep. 29, 2022)..........................................................8

*Anderson v. Gulf Stream Coach, Inc.*,
　662 F.3d 775 (7th Cir. 2011) ...................................................................................10

*Chiappetta v. Kellogg Sales Co.*,
　No. 21-cv-3545, 2022 WL 602505 (N.D. Ill. Mar. 1, 2022) ....................................8

*Claiborne v. Wisdom*,
　414 F.3d 715 (7th Cir. 2005) ..................................................................................11

*Colby v. J.C. Penney Co., Inc.*,
　811 F.2d 1119 (7th Cir. 1987) ...............................................................................8, 9

*Connick v. Suzuki Motor Co., Ltd.*,
　174 Ill.2d 482 (1996) ................................................................................................9

*Cristia v. Trader Joe's Co.*,
　No. 22-cv-1788, 2022 WL 17551552 (N.D. Ill. Dec. 9, 2022)..................................8

*Divane v. Krull Elec. Co.*,
　200 F.3d 1020 (7th Cir. 1999) ..................................................................................3

*DM Trans, LLC v. Scott*,
　38 F.4th 608 (7th Cir. 2022) ....................................................................................9

*Doe-2 ex rel. Doe v. White*,
　No. 08-cv-2169, 2013 WL 1397734 (C.D. Ill. Apr. 5, 2013) .................................12

*DR Distribs., LLC v. 21 Century Smoking, Inc.*,
　513 F. Supp. 3d 839 (N.D. Ill. 2021) .....................................................................11

*Feehan v. Wisconsin Elections Comm'n*,
　No. 20-cv-1771, 2022 WL 3647882 (E.D. Wis. Aug. 24, 2022)............................11

*Guzman v. Walmart Inc.*,
　No. 22-cv-3465, 2023 WL 4535903 (N.D. Ill. May 15, 2023)...............................11

*Hamer v. Lake County*,
　819 F.2d 1362 (7th Cir. 1987) .................................................................................8

*Hartmarx Corp. v. Abboud*,
　326 F.3d 862 (7th Cir. 2003) ....................................................................................9

*Jacobs v. Whole Foods Market Grp., Inc.*,
    621 F. Supp. 3d 894 (N.D. Ill. 2022) ..................................................... 8

*Karlinski v. Costco Wholesale Corp.*,
    616 F. Supp. 3d 753 (N.D. Ill. 2022) ..................................................... 8

*Kiefel v. Las Vegas Hacienda, Inc.*,
    404 F.2d 1163 (7th Cir. 1968) ............................................................. 11

*Lawrence v. Richman Grp. of CT LLC*,
    620 F.3d 153 (2d Cir. 2010) .................................................................. 6

*Lechter v. Aprio, LLP*,
    622 F. Supp. 3d 1297 (N.D. Ga. 2022) .................................................. 6

*Lomax v. Ruvin*,
    No. 09-cv-23293, 2011 WL 13267206 (S.D. Fla. Aug. 19, 2011) .......... 6

*Makhsous v. Mastroianni*,
    No. 19-cv-01230, 2020 WL 1530740 (N.D. Ill. Mar. 31, 2020) ............ 6

*Malawy v. Richards Mfg. Co.*,
    150 Ill.App.3d 549 (1986) ..................................................................... 5

*Mars Steel Corp. v. Continental Bank N.A.*,
    880 F.2d 928 (7th Cir. 1989) ............................................................... 12

*Matrix IV, Inc. v. Am. Nat. Bank and Trust Co. of Chi.*,
    649 F.3d 539 (7th Cir. 2011) ................................................................. 4

*Maynard v. Nygren*,
    332 F.3d 462 (7th Cir. 2003) ............................................................... 12

*N. Ill. Telecom, Inc. v. PNC Bank, N.A.*,
    850 F.3d 880 (7th Cir. 2017) ................................................................. 4

*Perona v. Volkswagen of America, Inc.*,
    658 N.E.2d 1349 (Ill. App. Ct. 1995) ..................................................... 6

*Peterson v. Artisan & Truckers Cas. Co.*,
    No. 19-cv-102, 2019 WL 2717099 (W.D. Wis. June 28, 2019) ............ 9

*Sean Morrison Ent., LLC v. O'Flaherty Heim Egan & Birnbaum, Ltd.*,
    No. 11-cv-2462, 2012 WL 4468443 (N.D. Ill. Sept. 21, 2012) ................. 4, 8, 9, 10

*Sneed v. Ferrero U.S.A., Inc.*,
    No. 22-cv-1183, 2023 WL 2019049 (N.D. Ill. Feb. 15, 2023) ............... 9

iv

*Thompson v. RelationServe Media, Inc.*,
    610 F.3d 628 (11th Cir. 2010) ................................................................ 4

*TMF Tool Co., Inc. v. Muller*,
    913 F.2d 1185 (7th Cir. 1990) ................................................................ 9

*Traffix USA, Inc. v. Bay*,
    No. 21-cv-02093, 2021 WL 5179908 (N.D. Ill. Nov. 8, 2021) ............... 8

*U.S. v. Lain*,
    640 F.3d 1134 (10th Cir. 2011) ............................................................ 11

*US v. Glaser*,
    14 F.3d 1213 (7th Cir. 1994) ................................................................ 8

*Vollmer v. Publishers Clearing House*,
    248 F.3d 698 (7th Cir. 2001) ............................................................... 11

*Werch v. City of Berlin*,
    673 F.2d 192 (7th Cir. 1982) ................................................................ 8

*Wienhoff v. Conagra Brands*, Inc.,
    626 F. Supp. 3d 1015 (S.D. Ill. Sep. 8, 2022) ...................................... 9

**Statutes**

15 U.S.C. § 2301 ......................................................................................... 3

810 ILCS 5/2-607(3)(a) ............................................................................ 10

815 ILCS 505/1 ........................................................................................... 3

**Rules**

Fed. R. Civ P. 11(b)(3) ............................................................................... 5

Fed. R. Civ. P. 11 .............................................................................. 1, 7, 9

Fed. R. Civ. P. 11(b) ............................................................................... 3, 4

Fed. R. Civ. P. 11(b)(1) .............................................................................. 3

Fed. R. Civ. P. 11(b)(2) .............................................................................. 3

Fed. R. Civ. P. 11(b)(3) .............................................................................. 3

Fed. R. Civ. P. 11(c)(2) ..................................................................... passim

Fed. R. Civ. P. 15(a)(1)(B) ......................................................................... 1

## INTRODUCTION

Plaintiff Mohamad Tlaib submits this Memorandum of Law in Opposition to Defendant Chattem, Inc.'s Motion for Sanctions pursuant to Fed. R. Civ. P. 11(c). ECF No. 20.

Plaintiff filed the Complaint on January 22, 2023, and Defendant filed a Motion to Dismiss on May 26, 2023. ECF Nos. 1, 8. On May 31, 2023, Defendant served a draft Motion for Sanctions.[1]

Plaintiff filed an Amended Complaint on June 16, 2023, "based on Fed. R. Civ. P. 11(c)(2), within 21 days of May 31, 2023," which allowed him until June 21, 2023 to "withdraw[] or appropriately correct[]" "the challenged paper, [and] claim[s]." ECF No. 11.

This amendment was consistent with Fed. R. Civ. P. 15(a)(1)(B), as Plaintiff was entitled to "amend [his] pleading once as a matter of course within…21 days after service of a motion under Rule 12(b)."

On July 20, 2023, Defendant filed a Motion to Dismiss the Amended Complaint and its Motion for Sanctions, relying on the Sanctions Motion it served directed to the original Complaint. ECF Nos. 13, 14-1 (May 31, 2023, Motion for Sanctions).

Plaintiff filed his Memorandum in Opposition to Defendant's Motion to Dismiss on August 11, 2023, followed by Defendant's Reply on August 25, 2023. ECF Nos. 16-17.

On September 8, 2023, the Court granted Defendant's Motion to Dismiss. ECF No. 18. The next month, Defendant filed the same Motion for Sanctions it directed to the initial Complaint on May 31, 2023. ECF No. 20-1 (May 31, 2023, Motion for Sanctions).

For numerous procedural and substantive reasons, Defendant's Motion should be denied.

---

[1] Defendant's Motion for Sanctions was filed twice, on July 20, 2023 and October 6, 2023. ECF Nos. 14-1 and 20-1.

**FACTUAL BACKGROUND**

The Complaint alleged how "oral moisturizers stimulate saliva production and provide lubricating effects, increasing comfort and preventing dental erosion and caries." Compl. ¶ 8. However, unless "such products [are] formulated to have an acidity level of about 6.7 pH or higher, [they will] [] contribut[e] to demineralization, dental erosion, sensitivity, and caries." Compl. ¶ 11.

Though lab analysis of Act dry mouth lozenges, "based on titratable acidity using a pH meter, pH indicator and gravimetric analysis concluded the Product's pH of 5.72 [] below the critical pH of tooth enamel and root dentin," Defendant "fail[ed] to inform purchasers of the likelihood of demineralization, dental erosion, sensitivity, and caries," which was misleading. Compl. ¶¶ 12-14.

Defendant's Motion for Sanctions had three components. First, it noted that Plaintiff's Counsel's "repeated filing of frivolous consumer fraud claims that courts in this district (and beyond) have dismissed time and again [as] warrant[ing] the imposition of sanctions." ECF No. 14-1 at 4.

Second, it cited a string of district court decisions it believed rendered the Complaint's negligent misrepresentation "claim [] barred by the economic loss doctrine." ECF No. 14-1 at 4-5.

Third, Defendant relied on district court decisions to support sanctions because the breach of warranty claims "fail[ed] [] based on the lack of pre-suit notice." ECF No. 14-1 at 5.

Following service of its Motion for Sanctions, "the challenged [] claim[s]…[were] withdrawn or appropriately corrected within 21 days after service." Fed. R. Civ. P. 11(c)(2); ECF No. 11.

On June 16, 2023, Plaintiff's Amended Complaint withdrew the claims for "Violation of State Consumer Fraud Acts [on behalf of the] Consumer Fraud Multi-State Class," Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*, negligent misrepresentation and fraud. ECF No. 11.

Moreover, Plaintiff narrowed the scope of the putative class to only Illinois consumers, for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1, *et seq.*, breaches of express and implied warranties and unjust enrichment. ECF No. 11 at 8-11.

Following the Court's Order granting dismissal, Defendant again filed its Motion for Sanctions which was targeted at the initial Complaint.

## LEGAL STANDARDS

Rule 11 contains procedural and substantive requirements. Where "sanctions are requested by a party's motion, Rule 11(c)(2) requires that two procedures be followed." *Divane v. Krull Elec. Co.*, 200 F.3d 1020, 1025 (7th Cir. 1999).[2]

First, "the motion for sanctions must [] '…describe the specific conduct alleged to violate subdivision (b).'" Fed. R. Civ. P. 11(c)(2). Second, "to facilitate deterrence, the motion may not be presented to the court unless, within twenty-one days of service, the non-movant has not withdrawn or corrected the challenged behavior." *Divane*, 200 F.3d at 1025.

Substantively, Rule 11 applied to plaintiffs has three requirements. Fed. R. Civ. P. 11(b)(1)-(3). Since "[A] Rule 11(b)(2) or (b)(3) violation – bringing a legally or factually frivolous claim – is often probative of a Rule 11(b)(1) improper purpose violation," this is where the Rule 11(b)

---

[2] Citing prior Rule 11(c)(1)(A).

analysis usually begins. *Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 664-65 (11th Cir. 2010).

Rule 11 requires an attorney to certify, to the best of his knowledge, that any pleading presented to the Court "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," and that "the legal contentions asserted in the pleading are not frivolous and have or are likely to have evidentiary support." *Sean Morrison Ent., LLC v. O'Flaherty Heim Egan & Birnbaum, Ltd.*, No. 11-cv-2462, 2012 WL 4468443, at *1 (N.D. Ill. Sept. 21, 2012) citing Fed. R. Civ. P. 11(b).

## ARGUMENT

## I. "SAFE HARBOR" AMENDMENT REQUIRED POST-MAY 31 SANCTIONS MOTION

Fed. R. Civ. P. 11(c)(2) "gives the offending party a 'safe harbor' within to withdraw or correct the offending pleading." *Matrix IV, Inc. v. Am. Nat. Bank and Trust Co. of Chi.*, 649 F.3d 539, 552 (7th Cir. 2011).

This "gives the challenged party that time to withdraw or correct the challenged claim, defense, contention, or denial." *N. Ill. Telecom, Inc. v. PNC Bank, N.A.*, 850 F.3d 880, 885 (7th Cir. 2017) citing Fed. R. Civ. P. 11(c)(2).

Following service of Defendant's Motion for Sanctions, Plaintiff filed an Amended Complaint, adding numerous facts, supported by scientific studies conducted at the University of Florida College of Dentistry and citing to scholarly dental publications including Clinical, Cosmetic and Investigational Dentistry. Journal of Prosthodontics, General Dentistry and Journal of Dentistry. Am. Compl. ¶¶ 14 n. 2, 20 n. 3.

More significantly, the Amended Complaint withdrew the claims for negligent misrepresentation, fraud, and violation of the MMWA. While Plaintiff did not withdraw his claims for breach of express and implied warranty, the factual details were significantly bolstered.

While the Complaint contained twelve (12) paragraphs and 458 words covering three counts, the Amended Complaint included twenty-three (23) paragraphs and 799 words over two counts.

These additional facts included "Defendant['s] actual knowledge of [the] Product's pH level because it formulated and manufactured it…[since this] is something [] regularly measured for reasons related to stability and shelf-life." Am. Compl. ¶¶ 74-75. Further, it cannot be disputed that "For decades, oral care specialists have known that a contributing factor to dental erosion is the presence of acidic substances." Am. Compl. ¶ 77.

These "factual contentions…[were] specifically so identified, [to] likely have evidentiary support after a reasonable opportunity for [] discovery," *viz.*, review of Defendant's personnel in the areas of formulation and dental science followed by interrogatories, requests for production and depositions. Fed. R. Civ P. 11(b)(3); Am. Compl. ¶ 79 (describing Defendant as "a large seller of OTC oral care products, which upon information and belief, contains regulatory personnel who monitor the academic literature in areas related to oral care.").

Since "a seller's employee actually observ[ing] the failure of a product, [] constitutes notice to the seller," and such "actual knowledge of a defect" obviates the giving of notice, Plaintiff's allegation that "The pH level of consumable products is [] regularly measured," his warranty claims were "warranted by existing law [and] a nonfrivolous argument for extending, modifying, or reversing existing law." *Malawy v. Richards Mfg. Co.*, 150 Ill.App.3d 549, 555 (1986); *Perona*

*v. Volkswagen of America, Inc.*, 658 N.E.2d 1349, 1355 (Ill. App. Ct. 1995); Fed. R. Civ. P. 11(b)(3).

As "The party seeking sanctions [, Defendant] cannot just assume that [Plaintiff] will or should know that its basis for seeking sanctions with respect to the earlier complaint have carried over to the amended complaint." *Makhsous v. Mastroianni*, No. 19-cv-01230, 2020 WL 1530740, at *6-7 (N.D. Ill. Mar. 31, 2020).

Plaintiff "believe[d] that []he ha[d] remedied the deficiencies in the earlier [C]omplaint," and was "entitled to a new 'warning shot' from the party seeking sanctions before the motion [for sanctions] is filed." *Makhsous v. Mastroianni*, No. 19-cv-01230, 2020 WL 1530740, at *6-7 (N.D. Ill. Mar. 31, 2020).

Since "[a] party filing the amended complaint may well have tried to address deficiencies in the earlier complaint," Plaintiff was "entitled to a new 'warning shot' from the party seeking sanctions before the motion [for sanctions] is filed." *Makhsous*, 2020 WL 1530740, at *6.

Other courts which have considered the filing of an amended complaint during the "safe harbor" period reached a similar conclusion, because "the filing of an amended pleading resets the clock for compliance with the safe harbor requirements of Rule 11(c)(2) before a party aggrieved by the new filing can present a sanctions motion based on that pleading to the district court." *Lawrence v. Richman Grp. of CT LLC*, 620 F.3d 153, 158 (2d Cir. 2010); *Lechter v. Aprio, LLP*, 622 F. Supp. 3d 1297, 1305 (N.D. Ga. 2022) citing *Lomax v. Ruvin*, No. 09-cv-23293, 2011 WL 13267206 (S.D. Fla. Aug. 19, 2011) (denying "motion for sanctions that had been directed at the original complaint, which was served on the plaintiff before she filed her amended complaint" because it "fail[ed] to comply with the safe harbor requirements of Rule 11.").

This "Placing [of] responsibility on the party seeking sanctions to renew its notice with respect to the amended complaint is both fair to the opposing party and does not significantly burden the party seeking sanctions." *Makhsous*, 2020 WL 1530740, at *6 citing *N. Ill. Telecom*, 850 F.3d at 888 n.5 ("It should not be difficult for a party who is serious about seeking Rule 11 sanctions to comply with Rule 11(c)(2).").

Defendant's failure to issue a new "warning shot" means it "did not substantially comply with Rule 11(c)(2), [and] their motion for sanctions [should be] denied." *Makhsous*, 2020 WL 1530740, at *7.

However, this exception has been interpreted to mean that "[o]nly a consumer plaintiff who suffers a personal injury may satisfy the [pre-suit] notice requirement by filing a complaint … against the seller." *Anthony*, 70 F. App'x at 384.

Defendant had actual knowledge of Product's pH level because it formulated and manufactured it, and its deleterious effects on oral health. The pH level of consumable products is something that is regularly measured for reasons related to stability and shelf-life.

## II. ABSENCE OF NOTICE AS TO THE PURPORTEDLY SANCTIONABLE CONDUCT

Even though this Circuit is unique in holding that "substantial compliance' with the warning-shot/safe-harbor requirement of Rule 11(c)(2) can [] be sufficient," Defendant's failure to serve a new motion "fell far short of substantial compliance." *N. Illinois Telecom*, 850 F.3d at 886. In addition, after Plaintiff amended the original Complaint, Defendant failed to serve a subsequent letter indicating its intention to file a motion for sanctions.

Considering "the Seventh Circuit's clearly expressed reluctance to stray any further from the formal requirements of Rule 11," "constru[ing] the relevant precedent as narrowly as possible," the Court should "den[y] Defendant's motion for sanctions for failure to comply with Rule

11(c)(2)." *Traffix USA, Inc. v. Bay*, No. 21-cv-02093, 2021 WL 5179908, at *2 (N.D. Ill. Nov. 8, 2021); *Sean Morrison*, 2012 WL 4468443, at *3.

## III. ALLEGATIONS DO NOT AMOUNT TO SANCTIONABLE CONDUCT

### A. Rule 11 Requires Review of Legal Precedent

In assessing whether a "legal theory [] makes a [] case frivolous … an 'award of fees is only permitted when litigation proceeds in the face of controlling and unambiguous precedent.'" *Hamer v. Lake County*, 819 F.2d 1362, 1368 (7th Cir. 1987) citing *Werch v. City of Berlin*, 673 F.2d 192, 196 (7th Cir. 1982).

Since "Opinions 'bind' only within a vertical hierarchy," whether Plaintiff's allegation that "[n]otice [wa]s not required because Defendant had actual knowledge of Product's pH level because it formulated and manufactured it, and its deleterious effects on oral health," was "warranted by existing law" requires review of applicable precedent. *US v. Glaser*, 14 F.3d 1213, 1216 (7th Cir. 1994) citing *Colby v. J.C. Penney Co., Inc.*, 811 F.2d 1119, 1123 (7th Cir. 1987); Am. Compl. ¶ 74; *see* Black's Law Dictionary, 1366 (10th ed. 2014) (defining precedent as a decided case that furnishes a basis for determining later cases involving similar facts or issues).

In lieu of applying precedent, Defendant "argue[d] as though [*Cristia*, *Karlinski*, *Jacobs*, *Chiappetta*, *Akers*, *Weinhoff*, *Sneed*, and others] are binding authority on [any] court, which of course they are not," since, as "[the Seventh Circuit has] 'noted repeatedly, [] district court decision[s] do[] not have stare decisis effect [] [and] [are] not [] precedent[s].'" Def. Mem. at 4 citing *Cristia v. Trader Joe's Co.*, No. 22-cv-1788, 2022 WL 17551552, at *5 (N.D. Ill. Dec. 9, 2022), *Karlinski v. Costco Wholesale Corp.*, 616 F. Supp. 3d 753, 766 (N.D. Ill. 2022), *Jacobs v. Whole Foods Market Grp., Inc.*, 621 F. Supp. 3d 894, 899 (N.D. Ill. 2022), *Chiappetta v. Kellogg Sales Co.*, No. 21-cv-3545, 2022 WL 602505, at *4 (N.D. Ill. Mar. 1,2022), *Akers v. Costco Wholesale Corp.*, 631 F. Supp. 3d 625, 631 (S.D. Ill. Sep. 29, 2022), *Wienhoff v. Conagra Brands*,

8

Inc., 626 F. Supp. 3d 1015, 1019 (S.D. Ill. Sep. 8, 2022), and *Sneed v. Ferrero U.S.A., Inc.*, No. 22-cv-1183, 2023 WL 2019049, at *2 (N.D. Ill. Feb. 15, 2023); *but see DM Trans, LLC v. Scott*, 38 F.4th 608, 620 (7th Cir. 2022); *see also Peterson v. Artisan & Truckers Cas. Co.*, No. 19-cv-102, 2019 WL 2717099, at *3 (W.D. Wis. June 28, 2019) (denying sanctions that "primarily rest[ed] on plaintiff's pursuing the same rejected theory based on the same allegations as in [another case decided by the same judge]").

Though "it is an entirely proper practice for district judges to give deference to persuasive opinions by their colleagues on the same court[,] … [] it does not convert [those] district court decisions into binding precedent" or establish "stare decisis." *TMF Tool Co., Inc. v. Muller*, 913 F.2d 1185, 1191 (7th Cir. 1990) citing *Colby*, 811 F.2d at 1124. This is "because the responsibility for maintaining the law's uniformity is a responsibility of appellate rather than trial judges [including this Court]." *Colby*, 811 F.2d at 1124.

The Court "would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Hartmarx Corp. v. Abboud*, 326 F.3d 862, 867 (7th Cir. 2003).

B.     Pre-Suit Notice Requirement

However, as the Illinois Supreme Court made clear in *Connick*, "[t]he notice of the breach required is not of the facts, which the seller presumably knows quite as well as, if not better than, the buyer, but [] that they constitute a breach." *Anthony*, 70 F. App'x at 384 quoting *Connick v. Suzuki Motor Co., Ltd.*, 174 Ill.2d 482, 495 (1996).

Significantly here, "[t]he focus in Rule 11 sanctions is on what counsel knew at the time the complaint was filed, not what subsequently was revealed in discovery." *Sean Morrison*, 2012 WL 4468443, at *1 citing *Cartwright*, 788 F. Supp. 2d at 755.

For instance, in *Anderson v. Gulf Stream Coach*, the Seventh Circuit court recognized "ample evidence in the record to support the [] conclusion that [defendant] had actual notice of the [product's] alleged defects," pointing to several facts which were subsequently revealed through the discovery process. *See, e.g.*, *Anderson v. Gulf Stream Coach, Inc.*, 662 F.3d 775, 782 (7th Cir. 2011) (noting that the defendant was "forwarded over sixty pages of warranty claims [] describing the [product's] problems" and "kept them in its files," "therefore undoubtedly realiz[ing] that the [product] had multiple defects").

Since Plaintiff had reason to believe that Defendant "had actual notice of the [Product's] defects," that it was not aware "was revealed in discovery" and therefore is not "[t]he focus in Rule 11 [motions for] sanctions." *Sean Morrison*, 2012 WL 4468443, at *1; *Anderson*, 662 F.3d at 782. Furthermore, Defendant does not dispute that 810 ILCS 5/2-607(3)(a) makes no reference to filing any legal action.

However, this exception has been interpreted to mean that "[o]nly a consumer plaintiff who suffers a personal injury may satisfy the [pre-suit] notice requirement by filing a complaint … against the seller." *Anthony*, 70 F. App'x at 384.

Accordingly, this exception applies to the present facts as the Product has "a detrimental effect on oral health," due to the "likelihood of demineralization, dental erosion, greater tooth sensitivity, and higher incidences of dental carries" for not just Plaintiff, but all consumers who have purchased it. Am. Compl. ¶¶ 22-23.

## IV.   IMPOSITION OF ATTORNEY'S FEES WOULD BE IMPROPER

28 U.S.C. § 1927 grants that any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

The attorney's actions "must multiple the proceedings, meaning prolong the case," and "must be both unreasonable and vexatious." *DR Distribs., LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 951 (N.D. Ill. 2021). Vexatious in this context means "without reasonable or probable cause or excuse; harassing; annoying," and "in the Seventh Circuit, the unreasonableness standard is objective." *DR Distribs.*, 513 F. Supp. 3d at 951 citing *U.S. v. Lain*, 640 F.3d 1134, 1137 (10th Cir. 2011) and *Claiborne v. Wisdom*, 414 F.3d 715, 721 (7th Cir. 2005).

Indeed, the Court's "power to assess costs on the attorney involved 'is a power which the courts should exercise only in instances of a *serious and studied disregard for the orderly process of justice*.'" *Feehan v. Wisconsin Elections Comm'n*, No. 20-cv-1771, 2022 WL 3647882, at *7 (E.D. Wis. Aug. 24, 2022) (emphasis in original) citing *Kiefel v. Las Vegas Hacienda, Inc.*, 404 F.2d 1163, 1167 (7th Cir. 1968)

Defendant's argument that counsel's "conduct justifies an award of attorneys' fees" despite its admission that "an award of sanctions should be the rare exception" is legally and factually deficient. Def. Mem. at 9.

First, Defendant's mischaracterization of "the pervasive scope of Mr. Sheehan's misconduct" is without foundation, and references to "an interview with the New Yorker" "utiliz[es] sources not disclosed to the attorneys or presented in the record." Def. Mem. at 9; *Vollmer v. Publishers Clearing House*, 248 F.3d 698, 710 (7th Cir. 2001) ("*Volmer I*").

Second, even accepting that "Plaintiff's counsel is imposing plenty of costs," it does not follow that "someone has to pay them," because Rule 11 "is not a fee-shifting statute in the sense that the loser pays." Def. Mem. at 1 citing *Guzman v. Walmart Inc.*, No. 22-cv-3465, 2023 WL 4535903, at *4 (N.D. Ill. May 15, 2023); *Mars Steel Corp. v. Continental Bank N.A.*, 880 F.2d

928, 932 (7th Cir. 1989) (authorizing sanctions "if counsel files with improper motives or inadequate investigation"). As indicated above, neither criteria can be established.

Accordingly, because the Amended Complaint "was filed after reasonable inquiry, was not interposed for any improper purpose and was not frivolous," this Court should "conclude[] that sanctions are not warranted." *Doe-2 ex rel. Doe v. White*, No. 08-cv-2169, 2013 WL 1397734, at *2 (C.D. Ill. Apr. 5, 2013).

Furthermore, "the imposition of attorney's fees under the Court's inherent power [to impose sanctions] requires a finding of willfulness or bad faith," and there is "no evidence in the record that [Mr. Sheehan] litigated in bad faith." *Maynard v. Nygren*, 332 F.3d 462, 470-71 (7th Cir. 2003)**.**

### CONCLUSION

For the foregoing reasons, the Court should deny Defendant's Motion.

Dated:    November 4, 2023

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
spencer@spencersheehan.com
60 Cuttermill Rd Ste 412
Great Neck NY 11021
Tel: (516) 268-7080

12

**Certificate of Service**

I certify that on November 4, 2023, I served and/or transmitted the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

| | CM/ECF | First-Class Mail | Email | Fax |
|---|---|---|---|---|
| Defendant's Counsel | ☒ | ☐ | ☐ | ☐ |
| Plaintiff's Counsel | ☐ | ☐ | ☐ | ☐ |
| Courtesy Copy to Court | ☒ | ☐ | ☐ | ☐ |

/s/ Spencer Sheehan