IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MOHAMAD TLAIB, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No. 23-CV-376 |
| v. ) ) | Judge Robert W. Gettleman |
| CHATTEM, INC., ) ) | |
| Defendant. ) | |

**<u>MEMORANDUM OPINION & ORDER</u>**

Plaintiff Mohamad Tlaib, on behalf of himself and other similarly situated individuals, brought this first amended complaint against defendant Chattem, Inc. for alleged violations of consumer protection law. On October 6, 2023, defendant moved for sanctions against plaintiff's counsel, Spencer Sheehan ("Sheehan") pursuant to Federal Rule of Civil Procedure 11 (Doc. 20). For the reasons stated below, the court denies defendant's motion.

Plaintiff filed his original complaint on January 22, 2023, which asserted claims for: (1) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1; (2) violations of the consumer fraud statutes of other states; (3) breaches of express and implied warranties and violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 ; (4) negligent misrepresentation; (5) fraud; and (6) unjust enrichment. On May 26, 2023, defendant filed a motion to dismiss the original complaint, and on May 31, 2023, served Sheehan with a draft motion for sanctions for filing legally deficient claims that were "nearly identical in dozens of prior actions."

Plaintiff then filed an amended complaint on June 6, 2023, which dropped his claims for violations of the consumer fraud statutes of other states, violation of the Magnuson-Moss

1

Warranty Act, negligent misrepresentation, and fraud. According to plaintiff, his amended complaint appropriately withdrew or corrected the challenged claims in his amended complaint within 21 days of service. See Fed. R. Civ. P. 11(c)(2). Importantly, however, Sheehan continued to pursue plaintiff's claim for breach of warranty.

Defendant then filed its motion to dismiss the amended complaint on July 20, 2023, along with its concurrently filed motion for sanctions (which relied on its prior motion for sanctions based on plaintiff's original complaint). As instructed by the court, defendant re-filed its motion for sanctions under Rule 11(b)(2) on October 6, 2023, after the court granted defendant's motion to dismiss on September 8, 2023.[1]

Rule 11(b)(2) requires an attorney to certify that, based on the attorney's knowledge, information, and belief after a reasonable inquiry, "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Courts may award sanctions, including attorneys' fees, if they determine that Rule 11(b) has been violated. According to defendant, Sheehan violated Rule 11(b) with his "continued insistence" on pursuing "legally meritless" claims, given that he has filed over 400 deceptive labeling class action lawsuits in the last three years. See Guzman v. Walmart, Inc., No. 1:22-cv-03465 (Doc. 24).

Defendant argues that these lawsuits "follow a virtually identical pattern of allegations and claims that boil down to false advertising of consumer products," with a "largely identical trajectory: they crumble under the scrutiny of Rule 12(b)(6)." In the instant case, defendant argues that because the court dismissed plaintiff's amended complaint (i.e., determined that it was not "warranted by existing law"), the relevant question for the court when evaluating

---

[1] Under Rule 11(c)(2), the motion for sanctions must be made "separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)."

defendant's motion for sanctions is whether Sheehan should have known that his position was groundless. See Royce v. Michael R. Needle, P.C., 158 F. Supp. 3d 708, 712 (N.D. Ill. 2016).

According to defendant, Sheehan knew that his position was groundless because several courts, including this court, have explained that the assertion of a breach of warranty claim under Illinois law requires pre-suit notice. See, e.g., Sneed v. Ferrero U.S.A., Inc., 656 F. Supp. 3d 777, 785 (N.D. Ill. 2023); Cristia v. Trader Joe's Co., No. 22-cv-1788, 2022 WL 17551552, at *6 (N.D. Ill. Dec. 9, 2022); Karlinski v. Costco Wholesale Corp., 616 F. Supp. 3d 753, 766 (N.D. Ill. 2022); Jacobs v. Whole Foods Market Grp., Inc., 621 F. Supp. 3d 894, 899 (N.D. Ill. 2022); Akers v. Costco Wholesale Corp., 631 F.Supp.3d 625, 635–36 (S.D. Ill. 2022); Wienhoff v. Conagra Brands, Inc., 626 F.Supp.3d 1015, 1027 (S.D. Ill. 2022); Chiappetta v. Kellogg Sales Co., No. 21-CV-3545, 2022 WL 602505, at *6 (N.D. Ill. Mar. 1, 2022). Moreover, Sheehan filed the original complaint in the instant case only one month after this court's decision in Cristia v. Trader Joe's Co., No. 22-cv-1788, 2022 WL 17551552, at *6 (N.D. Ill. Dec. 9, 2022), in which this court rejected the same argument: that pre-suit notice is satisfied "through the filing of the Complaint." As defendant emphasizes, Sheehan's argument for breach of warranty is legally, not factually, deficient.

In response, plaintiff counters that regardless of whether his breach of warranty claim was warranted by existing law, Rule 11(c)(2) gave him a "safe harbor" to withdraw or correct his amended complaint within 21 days, as he did with his original complaint. See Matrix IV, Inc. v. Am. Nat. Bank and Trust Co. of Chi., 649 F.3d 539, 552 (7th Cir. 2011). According to plaintiff, if defendant believed that his amended complaint was deficient, he was entitled to a renewed "warning shot" from defendant before it sought sanctions because he addressed any deficiencies in his original complaint. See Makhsous v. Mastroianni, No. 19-cv-01230, 2020 WL 1530740,

at *6–7 (N.D. Ill. Mar. 31, 2020).  By not issuing such a "warning shot," plaintiff argues that defendant did not "substantially comply" with Rule 11(c)(2).  Id. at *6 (citing N. Illinois Telecom, Inc. v. PNC Bank, N.A., 850 F.3d 880, 887 (7th Cir. 2017).  See also Fed. R. Civ. Pro. 11(c)(2) (instructing that a motion for sanctions "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets").

    The court rejects plaintiff's argument because it finds that defendant "substantially complied" with Rule 11(c)(2).  Although plaintiff argues that he "significantly bolstered" the amended complaint's factual details compared to his original complaint, and supported these facts with scientific studies and scholarly dental publications, plaintiff did not address the legal deficiencies of his breach of warranty claim that defendant outlined in its draft motion.  Defendant's motion may have cited persuasive, not binding, precedent to support its argument, but these non-binding opinions (Sneed, Cristia, Karlinski, Jacobs, Chiappetta, Akers, and Wienhoff) cite controlling precedent: Connick v. Suzuki Motor Co., Ltd., 174 Ill.2d 482 (1996).

    That being said, the court denies defendant's motion for sanctions.  Several courts, including this court, have dismissed plaintiff's claims for breach of warranty, and plaintiff largely attempts to relitigate this claim in response to the instant motion.  However, the court agrees with plaintiff that his amended complaint (while it failed to state a claim) outlined his nonfrivolous argument for extending, modifying, or reversing existing law pursuant to Malawy v. Richards Manufacturing Co., 150 Ill.App.3d 549 (1986) and Perona v. Volkswagen of America, Inc., 658 N.E.2d 1349 (Ill. App. Ct. 1995), although this court emphasizes that the Illinois Supreme Court vacated Perona in light of Connick, in Perona v. Volkswagen of

4

America, 678 N.E.2d 1048 (1997).[2] The fact that Sheehan is unsuccessful in stating a claim using these cases does not mean that defendant is entitled to attorney's fees. See Harlyn Sales Corp. Profit Sharing Plan v. Kemper Fin. Servs., Inc., 9 F.3d 1263, 1270 (7th Cir. 1993) ("[S]anctions do not inevitably flow from being wrong on the law"). This is especially true because plaintiff's breach of warranty claim was only one of several claims in his amended complaint. Defendant does not explain why plaintiff's other claims (in particular, his claim for deceptive consumer labeling) were frivolous, and consequently, defendant likely would have filed its motions to dismiss even if plaintiff had withdrawn his breach of warranty claim.

The court understands defendant's frustration and annoyance with having to defend this type of case, and cautions Sheehan that this court, and likely others, may rule more favorably for defendants should Sheehan continue to file meritless false labelling cases.

## CONCLUSION

For the reasons stated above, the court denies defendant's motion for sanctions (Doc. 20).

ENTER:

**Robert W. Gettleman**
**United States District Judge**

**DATE: January 25, 2024**

---

[2] The court agrees with defendant that its analysis is not constrained by the standard for attorney's fees in 28 U.S.C. § 1927, which contemplates the court's inherent authority to award fees, rather than its authority to award fees pursuant to a party's Rule 11 motion, as in the instant case.

5